

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
ANTHONY J. CEPARANO,

                              Plaintiff,

              -against-

**ORDER**
10-CV-2030 (SJF) (ATK)

SUFFOLK COUNTY, COUNTY EXECUTIVE STEVE LEVY,
SUFFOLK COUNTY POLICE DEPARTMENT, POLICE
COMMISSIONER RICHARD DORMER, FORMER POLICE
COMMISSIONER (2003), LT. MICHAEL FITZPATRICK,
LT. JAMES MAHER, LT. PAUL SCHRIEBER, DET. ANTHONY
LETO, DET. BEHRENS, DET. ROBERT SUPPA, DET. WILLIAM
SHERIDAN, P.O. CHRISTOPHER VIAR, P.O. WALTER HETZEL,
P.O. KATHLEEN FOCAS, P.O. TIMOTHY KELLY, SGT. LEONARD,
SGT. WILLIAM WALLACE, P.O. ERIC GUITERMAN, P.O.
WILLIAM VASQUEZ, P.O. JAMES BEHRENS, P.O. ANTHONY
CALATO, P.O. DANIEL RELLA, P.O. JUAN VALDEZ, SGT.
WILLIAM SCAIMA, P.O. ANTHONY WURIA, P.O. MICHAEL
PELCHER, P.O. ERNIE KETCHAM, SGT. FRANK GIULIANO,
LT. JAMES SMITH, DET. "JAMES SMITH'S PARTNER", SGT.
KEN, P.O. (5TH PRECINCT), P.O. "JOHN DOE'S #'S 1-50", LT.
STEPHEN HERNANDEZ, LT. DANIEL MEYER, CAPT. JOHN
HANLEY, SUFFOLK COUNTY DIVISION OF MEDICAL LEGAL
INVESTIGATIONS AND FORENSIC SCIENCE, CHIEF OF
TOXICOLOGY MICHAEL LEHRER, ASST. CHIEF OF TOXICOLOGY
MICHAEL KATZ, TOXICOLOGIST LORI ARENDT,
RECONSTRUCTION ANALYST ROBERT GENMA, SUFFOLK
COUNTY DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY
THOMAS J. SPOTA III, CHIEF MAJOR CRIME BUREAU, A.D.A.
BRADFORD S. MAGILL, A.D.A. PATRICIA BROSCO, "SUPERVISOR
OF BRADFORD S. MAGILL", "SUPERVISOR OF PATRICIA BROSCO",
SUFFOLK COUNTY UNIFIED COURTS SYSTEM,
PRESIDING JUDGE S.C. DISTRICT CT., JUDGE GAETAN B. LOZITO,
PRESIDING JUDGE RALPH T. GAZZILO, PRESIDING JUDGE C.
RANDALL HINRICHS, COURT REPORTER DENNIS P. BRENNAN, COURT
REPORTER SUSAN T. CONNERS, JUDGE MARTIN EFMAN,
JUDGE J. J. JONES, SUFFOLK COUNTY LEGAL AID SOCIETY,
PRESIDING ATTORNEY EDWARD VITALE, ATTORNEY SUSAN AMBRO,
18-B COUNSEL ROBERT MACEDONIO, SUFFOLK COUNTY SHERIFF'S
DEPARTMENT, SHERIFF VINCENT DEMARCO, SHERIFF ALFRED
ETISCH, WARDEN EWALD, FORMER WARDEN (2004-2006),
C.O. #1158, C.O. #1257, C.O. #1251, C.O. #1207, C.O. #1259, C.O. #1094,

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E. D. N.Y

★    DEC 15 2010    ✴

LONG ISLAND OFFICE

Plaintiff,

C.O. #1139, C.O. #1241, C.O. VIOLET, C.O. #962, C.O. #1131, C.O. "TOM ARNOLD", LT. MCCLURKIN, C.O. GALOTTI, SGT. FISCHER, C.O. CATHY RYAN (PEEPING PERVERT), C.O. KENNETH LAWLER, C.O. #668, C.O. #1274, C.O. WILLIAM ZIKIS, C.O. #1324, C.O. #1275, C.O. JOSEPH FOTI, C.O. #1220, C.O. #1276, C.O. EZEKIEL, DEP "BRUTALITY\VIOLATORS" #1-12, C.O. "JOHN CIVIL RIGHTS VIOLATORS" #1-200, NURSE "KOREA", NURSE PAT, NURSE JULIE "LOUD", NURSE "MALE, EARRING, GLASSES", NURSE "REALLY UGLY WARTS, ALWAYS NASTY & RUDE", SUFFOLK COUNTY PROBATION DEPARTMENT, SENIOR SUPERVISOR, SENIOR P.O. BENNEDETTO, PROBATION OFFICER CURTIS, PROBATION OFFICER "HERMAN MUENSTER" (P.O. CURTIS' PARTNER), PROBATION OFFICER SOLTAN, PROBATION OFFICER "P.O. SOLTAN PARTNER", FRONT DESK CLERK, ANDREW O'FLAHERTY, WEST BABYLON FIRE DEPARTMENT, SUPERVISOR MINA, EMT MCCLEAN, GOOD SAMARITAN HOSPITAL, DR. JEFFREY MARGULIES, DR. "I.C.U.", NURSE "DO YOU WANT HIS CLOTHES", NURSE "INTEROGATE [SIC] HIM BEFORE HE'S SEDATED", DONNA VENTURINI, ROB GANNON, BETH FEENEY, JEANNE H. MORENA, SOUTHSIDE HOSPITAL, DR. "JULIE CRIST'S E.R. DOCTOR", DR. "CHIEF [OF] PSYCHIATRY", NEWSDAY, EDITOR JOHN MANCINI, MANAGING EDITOR DEBORAH HENLEY, MANAGING EDITOR DEBBY KRENEK, REPORTER BILL MASON, 1010 WINS RADIO, 1010 WINS.COM, PROGRAMMING DIRECTOR, REPORTER, CABLEVISION, NEWS 12 LONG ISLAND, PROGRAMMING DIRECTOR, REPORTER, SOUTHERN MEADOWS APARTMENTS, PROPERTY MANAGER DEBRA CODY, PROPERTY MANAGER, MAINTENENCE [SIC] SUPERVISOR WILLIAM FLORIO, SUFFOLK COUNTY INTENSIVE CASE MANAGEMENT, DIRECTOR DOUGLAS SHELTERS, CASE MANAGER DANA ROMANO, BELLPORT OUTREACH, DIRECTOR, SUPERVISOR OF JULIE CRIST'S CASE MGR JENNY, JULIE CRIST'S CASE MGR JENNY, GLOBAL TEL-LINK, CEO, BOARD OF DIRECTORS, EXECUTIVE V.P. BILLING AND MARKETING MARGARET PHILLIPS, JULIE DOUGHERTY A.K.A. JULIE CRIST, MYSPACE.COM, MOTHER'S AGAINST DRUNK DRIVING (MADD), and MADD PRESIDENT 2007-2009,

Defendants.

------------------------------------------------------------------------------------X

FEUERSTEIN, District Judge:

# I.    Introduction

On May 4, 2010, incarcerated *pro se* plaintiff Anthony J. Ceparano ("plaintiff"), commenced this purported civil rights action pursuant to 28 U.S.C. § 1983 against approximately four hundred and fifteen (415) defendants, one hundred and fifty-three (153) of whom are named:[1] Suffolk County, County Executive Steve Levy, Suffolk County Unified Courts System, Suffolk County District Attorney's Office, Suffolk County Legal Aid Society, Suffolk County Police Department, Suffolk County Sheriff's Department, Suffolk County Division of Medical Legal Investigations and Forensic Science, Suffolk County Probation Department, Suffolk County Police Commissioner Richard Dormer, Former Police Commissioner (2003), Captain John Hanley, Lieutenants Michael Fitzpatrick, James Maher, Paul Schrieber, James Smith, Stephen Hernandez, Daniel Meyer, Sergeants William Wallace, William Scaima, Frank Giuliano, Leonard, Ken Detectives Anthony Leto, Behrens, Robert Suppa, William Sheridan, "James Smith's Partner", Police Officers Christopher Viar, Walter Hetzel, Kathleen Focas, Timothy Kelly, Eric Guiterman, William Vasquez, James Behrens, Anthony Calato, Daniel Rella, Juan Valdez, Anthony Wuria, Michael Pelcher, Ernie Ketcham, "(5th Precinct)", Police Officers "John Doe's #'s 1-50", Chief of Toxicology Michael Lehrer, Assistant Chief of Toxicology Michael Katz, Toxicologist Lori Arendt, Reconstruction Analyst Robert Genma, Suffolk County District Attorney Thomas J. Spota III, Chief Major Crime Bureau, Assistant District Attorney Bradford S. Magill, Assistant District Attorneys Patricia Brosco, "Supervisor of Bradford S.

---

[1] Plaintiff's "named" defendants include those he has nicknamed (i.e. "Herman Muenster") or otherwise described (i.e. "Nurse really ugly warts, always nasty & rude") as opposed to those simply included as "John Doe."

Magill", "Supervisor of Patricia Brosco", Suffolk County presiding Judges Gaetan B. Lozito,

Ralph T. Gazzilo, C. Randall Hinrichs, Martin Efman, J. J. Jones, Court Reporters Dennis P.

Brennan, Susan T. Conners, Suffolk County presiding Legal Aid Attorneys Edward Vitale, Susan

Ambro, 18-B Counsel Robert Macedonio, Suffolk County Sheriffs Vincent DeMarco, Alfred

Etisch, Warden Ewald, Former Warden (2004-2006), Corrections Officers #1158, #1257, #1251,

#1207, #1259, #1094, #1139, #1241,#962, #1131, #668, #1274, #1324, #1275, #1220, #1276,

Violet, "Tom Arnold", Galotti, Ezekiel, "Cathy Ryan (Peeping Pervert)", William Zikis, Kenneth

Lawler, Joseph Foti, Lieutenant McClurkin, Sergeant Fischer, "Dep Brutality\Violators #1-12",

Corrections Officers "John Civil Rights Violators" #1-200, Corrections Nurses "Korea", Pat,

"Julie Loud", "Male, Earring, Glasses", "Really Ugly Warts, Always Nasty & Rude", Suffolk

County Senior Probation Supervisor, Senior Probation Officer Bennedetto, Probation Officers

Curtis, "Herman Muenster (P.O. Curtis' partner)", Soltan, "P.O. Soltan Partner", Front Desk

Clerk, Andrew O'Flaherty, West Babylon Fire Department, Supervisor Mina, Emergency

Medical Technician McClean, Good Samaritan Hospital, Doctors. Jeffrey Margulies, "I.C.U.",

Nurses "Do you want his clothes", "Interogate [sic] him before he's sedated", Donna Venturini,

Rob Gannon, Beth Feeney, Jeanne H. Morena, Southside Hospital, Drs. "Julie Crist's E.R.

Doctor", "Chief [of] Psychiatry", Newsday, Editor John Mancini, Managing Editor Deborah

Henley, Managing Editor Debby Krenek, Reporter Bill Mason, 1010 WINS Radio, 1010

WINS.com, Programming Director, Reporter, Cablevision, News 12 Long Island, Programming

Director, Reporter, Southern Meadows Apartments, Property Manager Debra Cody, Property

Manager, Maintenence [sic] Supervisor William Florio, Suffolk County Intensive Case

Management, Director Douglas Shelters, Case Manager Dana Romano, Bellport Outreach,

4

Director, Supervisor of Julie Crist's Case Manager Jenny, Julie Crist's Case Manager Jenny,

Global Tel-Link, CEO, Board of Directors, Executive Vice President of Billing and Marketing,

Margaret Phillips, Julie Dougherty A.K.A. Julie Crist, Myspace.com, Mother's Against Drunk

Driving (MADD), and MADD President 2007-2009. Accompanying the complaint is an

application to proceed *in forma pauperis*. Upon review of the declaration accompanying

plaintiff's application, I find that plaintiff's financial status qualifies him to commence this action

without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's

application is granted. However, for the reasons set forth below, the complaint is *sua sponte*

dismissed in part without prejudice and dismissed in part with prejudice.


II.     The Complaint


        Plaintiff's handwritten complaint exceeds two hundred and fifty pages and is comprised

of over seven hundred numbered paragraphs purporting to allege a myriad of claims based upon

conduct alleged to have occurred between 2003 and 2009. The complaint is largely a collection

of diatribes, opinions, conclusions and speculation devoid of underlying facts. For example, the

complaint begins:

> I grew up believing in this Country, and the ideals I was taught in
> school: "All men are created equal. By the people, of the people,
> for the people. No person shall be deprived of life, liberty or
> property without due process of the law. The rights of the people
> to be secure in their persons, houses, and papers . . . " Anyone who
> believes this has never lived in Suffolk County. It is all a lie! The
> people have no rights. Police, D.A.'s, local government agents,
> wield unchecked power and abuse whoever they want at will. No
> one is safe, and god forbid you've ever made a mistake, you are

> targeted forever. . .

> It took just <u>one year</u> of living in Suffolk County . . . to destroy all my faith, and every illusion that I ever had about having civil rights. I thought these things only happened in urban ghettos or the backwoods of the deep south. Never could I have imagined this could ever happen here. It's a sick game. There is no justice. . .

Compl. at ¶ IV (emphasis in original). The complaint continues:

> Police brutality in Suffolk County is not the exception. It is the rule. It is page one, standard operating procedure. A badge in Suffolk County is a license to assault, and even kill, placing the holder above the law. I have been arrested seven times in Suffolk County, six of which I was taken into custody. Of the six, <u>five</u> (83%) involved police brutality and excessive force.

*Id.* at ¶¶ 8-9 (emphasis in original). Plaintiff then describes each of his arrests in Suffolk County, beginning with his November 8, 2003 arrest wherein Lieutenant James Smith is alleged to have "yanked the phone out of my hand [and] smashed me over the head with it." *Id.* at ¶ 10. According to the complaint, "[i]n Suffolk County, law enforcement is a self-serving, self-sustaining aberation [sic] that exists not for the benefit of and protection of society as much as it does for the enrichment of those who hold badges and law licenses." *Id.* at ¶ 52. Plaintiff alleges:

> law here [in Suffolk County] is about conviction rates, merit raises, and elections. The goals are promotions and raises, and personal advancement and enrichment. Above all, it is about the exercise and abuse of power, without regard to consequence, by those that are above the law. These demons destroy lives, regardless of the irrelevant concepts of truth and innocence, with no more thought than you give to stepping on a bug while walking. Not only do police and district attorneys continue arrests and prosecutions of those they suddenly realize are innocent, they also entrap people they know from the start are innocent. The attitude is "you've been arrested before so you'll do some more time. So what? What difference does a little thing like innocence make? I need an arrest

6

or a conviction for my quota."

*Id.* at ¶¶ 53-54 (emphasis in original).

Plaintiff provides personal narratives and opinions throughout his pleading, occasionally intertwined with what appears to be an allegation against a defendant who has been nicknamed by plaintiff such as "Sgt. Slaughter" or "Herman Muenster" or described by plaintiff as a "short, fat, dumpy, obnoxious, female sheriff." *Id.* at ¶¶ 65, 110, 126.

The complaint concludes:

> In 1776, we fought a revolution for ideals embodied in our Constitution. They do not exist in Suffolk County. They say "absolute power corrupts absolutely." Well it certainly does here. The United States seceded from England because King George's soldiers would arrest and jail anyone, for no reason, on trumped up charges, and destroy innocent citizen's lives. Want to know what one of the strongest loyalist enclaves, standing beside the king, opposed to the revolution was? Suffolk County! Nothing has changed in more than 200 years. They just do it under a different flag.

*Id.* at ¶ 702. Plaintiff seeks the sum of one trillion, eight hundred ninety-nine million, three hundred and five thousand dollars ($1,899,305,000.00) from the defendants and has also submitted a ten page document that details how this sum should be apportioned among the many defendants. Relief Requested at 10, annexed to Compl. Plaintiff also seeks to have "every conviction I've ever had in a Suffolk County Criminal Court vacated and the accusatory instruments dismissed with prejudice." *Id.* at 1.

III.    Discussion

### A. Applicable Law

#### 1. The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915, requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

It is axiomatic that district courts are required to read *pro se* complaints liberally, <u>see</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed.2d 1081 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976)); <u>Shomo v. City of New York,</u> 579 F.3d 176, 183 (2d Cir. 2009), and construe them "to raise the strongest arguments that they suggest." <u>Fulton v. Goord</u>, 591 F.3d 37, 43 (2d Cir. 2009) (quoting <u>Green v. United States,</u> 260 F.3d 78, 83 (2d Cir. 2001)).  Moreover, at the pleading stage of the proceeding, the Court must assume the truth of the allegations in the complaint. <u>See</u>, <u>e.g.</u>, <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 66 L. Ed.2d 163 (1980); <u>Fernandez v. Chertoff</u>, 471 F.3d 45, 51 (2d Cir. 2006).

#### 2. Federal Rule of Civil Procedure 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8; Swierkiewicz v. Sorema, NA., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002). Pleadings must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed.2d 577 (2005) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957), overruled in part on other grounds by Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007).

A complaint should be short and clear because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1998); see also Roberto's Fruit Market, Inc. v. Schaffer, 13 F.Supp.2d 390 (E.D.N.Y.,1998). ; The Homeless Patrol v. Joseph Volpe Family, 09-CV-3628, 2010 WL 2899076, at *7 (S.D.N.Y. July 22, 2010) (dismissing *sua sponte* a one hundred and forty-eight (148) page *pro se* amended complaint for, *inter alia,* failure to satisfy Rule 8). "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with [Rule 8's] goals and this system; such complaints must be dismissed." Infanti v. Scharpf, 06 CV 6552, 2008 WL 2397607, at *1 (E.D.N.Y. June 10, 2008) (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151, 16 Fed.R.Serv.2d 970 (S.D.N.Y. 1972)).

However, "[d]ismissal of a complaint in its entirety should be 'reserved for those cases in

9

which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised.'" Infanti, 2008 WL 2397607, at *2, (quoting Salahuddin, 861 F. Supp. at 42)). Accordingly, prolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit. See, e.g., Jones v. Nat'l Communications and Surveillance Networks, 266 F.App'x 31, 32 (2d Cir. 2008) (affirming dismissal of fifty-eight (58) page, single-spaced *pro se* complaint with eighty-seven (87) additional pages of attachments, alleging over twenty (20) separate causes of action against more than forty (40) defendants for failure to meet the "short and plain statement" requirement of Rule 8); Bell v. Lasaceli, 08-CV-0278A, 2009 WL 1032857, at *2 (W.D.N.Y., Apr. 15, 2009) (dismissing a two hundred (200) page *pro se* complaint naming forty-two (42) defendants for noncompliance with Rule 8); Infanti, 2008 WL 2397607 (dismissing *sua sponte* a ninety (90) page complaint comprised of over five hundred (500) paragraphs for running a foul of Rule 8's requirements); see also In re Merrill Lynch & Co., Inc., 218 F.R.D. 76, 77-78 (S.D.N.Y. 2003) (dismissing ninety-eight (98) page complaint comprised of three hundred and sixty-seven (367) paragraphs and explaining that "[w]hen a complaint is not short and plain, or its averments are not concise and direct, 'the district court has the power, on motion or *sua sponte*, to dismiss the complaint . . . .'") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). However, given the preference that *pro se* cases be adjudicated on the merits and not solely on the ground that the complaint does not constitute a short and plain statement of the facts, leave to amend the complaint should be given at least once. Salahuddin, 861 F. Supp. at 42.


3. Habeas Corpus

A prisoner seeking to be released from illegal state custody may apply to a federal district court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Before a federal court may address a petitioner's claim, the claim must first have been properly presented to the appropriate state court, with appeals exhausted to the extent permitted by state procedures. A state prisoner has one year from the date his conviction becomes final to file a *habeas* petition in federal court. 28 U.S.C. § 2244(d)(1). This limitations period beings to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For New York prisoners, a conviction is generally final ninety (90) days after leave to appeal to the New York Court of Appeals is denied because such defendants have ninety days to seek *certiorari* review before the United States Supreme Court. See McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003); see also Sup. Ct. R. 13.

Here, a substantial section of plaintiff's complaint is dedicated to the proposition that his detention is unlawful and thus plaintiff seeks, *inter alia*, his immediate release from prison. The proper procedural mechanism for challenging his sentence is pursuant to 28 U.S.C. § 2254. Accordingly, the portions of plaintiff's complaint concerning his alleged illegal detention are dismissed with leave to file a Petition for a Writ of Habeas Corpus. The Court makes no finding concerning the statutory time limitations on plaintiff's filing of a Petition for a Writ of Habeas Corpus or whether any such claims are properly exhausted.

    4.        Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a complaint must contain factual allegations plausibly suggesting: (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977 L. Ed.2d 130 (1999); Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005).

B.    Application

The complaint in its present form does not fulfill Rule 8(a)(2)'s pleading requirements. The complaint is prolix, confused, ambiguous, speculative, repetitive, argumentative and unintelligible. Neither the defendants nor the court should be required to expend the time, effort and resources necessary to parse through plaintiff's pleading in order to determine what claims, if any, plaintiff has alleged. Given "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension," Shomo v. State of New York, 374 F.App'x. 180, 183 (2d Cir. 2010) (quoting Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972)), the Court *sua sponte* dismisses the complaint for failure to satisfy Rule 8(a)(2). However, plaintiff is afforded an opportunity to

12

file a "short and plain statement of [his] claim" in accordance with this order. Plaintiff is advised

that, for the reasons that follow, many of the named defendants are either immune from suit or

are outside the scope of Section 1983. Accordingly, plaintiff's Section 1983 claims against these

defendants are not plausible and should be omitted from any amended complaint because such an

amendment would be futile.

1.    Immunity

a.    Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to
> extend to any suit in law or equity, commenced or prosecuted
> against one of the United States by Citizens of another State, or by
> Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to

extend beyond the terms of its text to bar suits in federal courts against states, by their own

citizens or by foreign sovereigns . . . ." State Employees Bargaining Agent Coalition v.

Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (quoting W. Mohegan Tribe & Nation v. Orange C'ty,

395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original). Eleventh Amendment immunity also

extends to suits for money damages against state officials in their official capacities. Will v.

Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed.2d 45 (1989) ("[A] suit

against a state official in his or her official capacity is not a suit against the official but rather is a

suit against the official's office.  As such, it is no different from a suit against the State itself.")
(internal citation omitted); McNamara v. Kaye, No. 06-CV-5169, 2008 WL 3836024, at *8
(E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and
lawsuits against state courts are considered to be lawsuits against the state.").[2]

Here,  plaintiff's Section 1983 claims for money damages against the state defendants in
their official capacities are barred by the Eleventh Amendment and therefore are not plausible.
Accordingly, such claims are dismissed with prejudice.   In so far as the plaintiff names the New
York Unified Court System as a defendant, it too is considered an arm of the state and is thus
immune from suit by the Eleventh Amendment.  Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir.
2009) ("[E]very court to consider the question of whether the New York State Unified Court
System is an arm of the State has concluded that it is, and is therefore protected by Eleventh
Amendment sovereign immunity.").   Thus, plaintiff's claims against the New York State Unified
Court System are not plausible and are dismissed with prejudice.


b.      Prosecutorial Immunity


Plaintiff also seeks to sue the prosecuting attorneys in the underlying criminal cases
against him for civil rights violations pursuant to Section 1983.   It is "well established that a
state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a

---

[2]A narrow exception to this rule exists for suits injunctive relief against state officers in
their official capacity. See Will, 491 U.S. at 71, n. 10.  To the extent plaintiff seeks prospective
injunctive relief against any state defendant in his or her official capacity, plaintiff may include
such claim in an amended complaint to be filed  in accordance with this order.

criminal prosecution is immune from a civil suit for damages under §1983.'" Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotations omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (quoting Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)). In Hill, an Assistant District Attorney's alleged acts of "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury" were "clearly protected by the doctrine of absolute immunity as [being] part of his function as an advocate." Id. at 661.

Here, plaintiff alleges, *inter alia*, that Assistant District Attorneys Magill and Brosco withheld evidence from the grand jury and did not provide required disclosures until days before or the day of trial. These allegations fall within the scope of protection defined by the doctrine of prosecutorial immunity and plaintiff has failed to otherwise allege any conduct by these defendants that would fall outside the scope of prosecutorial immunity. Accordingly, plaintiff's claims against these defendants are not plausible and are dismissed with prejudice.

      c.     Judicial Immunity

Plaintiff seeks to sue several state court judges of the Suffolk District Court, Suffolk County Court and New York State Supreme Court, Suffolk County, who were allegedly involved with his underlying criminal proceedings. Judges Lozito, Gazzilo[3], Hinrichs, Efman and Jones

---

[3]Plaintiff alternates the spelling of the defendant's name, spelling it "Gazzillo" and "Gazzilo."

are entitled to absolute judicial immunity. It is well settled that judges are entitled to absolute

immunity for damages arising out of judicial actions performed in their judicial capacity. See

Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed.2d 9 (1991); Fields v. Soloff, 920

F.2d 1114, 1119 (2d Cir. 1990). Therefore, "if the relevant action is judicial in nature, the judge

is immune so long as it was not taken in the complete absence of jurisdiction." Huminski v.

Corsones, 396 F.3d 53, 75 (2d Cir. 2004).

Even liberally construed, plaintiff alleges no acts performed by any of these defendants

that fall outside the scope of absolute judicial immunity. To the extent plaintiff even describes

the conduct of any of the judges, all acts described were performed in their official capacity as

judges. Therefore, plaintiff's claims against these defendants are not plausible and are dismissed

with prejudice.


d.      Entities that are Immune from Suit


"[U]nder New York law, departments that are merely administrative arms of a

municipality do not have a legal identity separate and apart from the municipality and, therefore,

cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y.

2002) (dismissing claim against Lynbrook Police Department); see also Melendez v. Nassau

County, No. 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing

claims against Nassau County Sheriff's Department); Coleman v. City of New York, No. 08-CV-

5276, 2009 WL 909742, at *2 (E.D.N.Y. Apr. 1, 2009) (dismissing claims against New York

City department of probation); Conte v. County of Nassau, No. 06-CV-4746, 2008 WL 905879,

16

at *1 n. 2 (E.D.N.Y. Mar. 31, 2008) (dismissing §1983 claims against Nassau County District Attorney's Office).

Insofar as plaintiff alleges claims against the Suffolk County Police Department, Suffolk County District Attorney's Office, Suffolk County Sheriff's Department and Suffolk County Probation Department, the Court finds these entities to be administrative arms of the municipality and therefore lack the capacity to be sued. The Court construes Suffolk County Division of Medical, Legal Investigations and Forensic Sciences to be an administrative arm of the municipality and thus lacks the capacity to be sued. See Bennett v. County of Suffolk, 30 F. Supp.2d 353 (E.D.N.Y. 1998) (Suffolk County acted through its Department of Health Services).[4] Therefore, plaintiff's claims against the above named entities are dismissed with prejudice.

2.    Private Defendants Not Amenable to Suit Under § 1983

a.    Suffolk County Legal Aid Society, Edward Vitale and Susan Ambro

"[T]he Legal Aid Society ordinarily is not a state actor amenable to suit under § 1983." Schnabel v. Abramson, 232 F.3d 83, 86-87 (2d Cir. 2000). Furthermore, Legal Aid attorneys are employees of "a private not for profit legal services corporation . . . organized under the laws of

---

[4]The Court takes judicial notice that the Suffolk County Division of Medical Legal Investigations is a division of the Suffolk County Department of Health Services.

New York [that] exists independent of any state or local regulatory authority." Neustein v. Orbach, 732 F.Supp. 333, 336 n. 3 (E.D.N.Y. 1990). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs., 526 U.S. at 49 (internal quotations omitted). Given that the Suffolk County Legal Aid Society and its attorneys are not state actors, plaintiff's §1983 claims against the Suffolk County Legal Aid Society and its attorneys, Edward Vitale and Susan Ambro, are not plausible and are thus dismissed with prejudice.

> b.   Other Private Defendants

As stated above, a defendant must be acting under color of state law to be liable for a §1983 claim. Id. Plaintiff's complaint largely describes alleged civil rights violations pursuant to Section 1983 against a myriad of private actors. Insofar as plaintiff purports to allege Section 1983 claims against private defendants for violations of his civil rights, such claims are not plausible and are dismissed with prejudice. Accordingly, the complaint is dismissed as against E.M.T. McClean, Good Samaritan Hospital, Dr. Jeffrey Margulies, Donna Venturini, Rob Gannon, Beth Feeney, Jeanne H. Morena, Southside Hospital, Newsday, John Mancini, Deborah Henley, Debby Krenek, Bill Mason, 1010 WINS Radio, 1010 WINS.com, South Meadows Apartments, Debra Cody, William Florio, Bellport Outreach, Global Tel-Link, Margaret Phillips, Julie Dougherty A.K.A. Julie Crist, Myspace.com, and Mother's Against Drunk Driving (MADD).

### 3. Unnamed Correctional Officers

Although it is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit, in the case of *pro se* litigants this rule has been relaxed. <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75 (2d Cir. 1997).

Plaintiff purports to allege claims against various unnamed officers alleged to work at the Suffolk County Police Department's Fifth Precinct and the Suffolk County Sheriff's Department as well as other "John Doe" defendants, whose work places are not identified within the Complaint. The United States Marshal Service will not be able to serve the intended defendants without further information. Accordingly, the Court hereby directs plaintiff to ascertain the full names of the unidentified defendants whom plaintiff seeks to sue.

### 4. Claims Against State Actors in Their Individual Capacities

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." <u>Williams v. Smith</u>, 781 F.2d 319, 323 (2d Cir. 1986) (quoting <u>McKinnon v. Patterson</u>, 568 F.2d 930, 934 (2d Cir. 1977)). Whether or not there was "personal involvement is a question of fact." <u>Williams</u>, 781 F.2d at 323.

Upon review of the voluminous complaint, the Court finds that the following defendants, though named in the caption, appear nowhere in the body of the complaint: Suffolk County Executive Steve Levy, Police Commissioner Richard Dormer, Police Commissioner Former 2003, Det. Behrens, Det. William Sheridan, P.O. Timothy Kelly, Sgt. Leonard, Sgt. William

Wallace, P.O. Eric Guiterman, P.O. James Behrens, P.O Anthony Calato, P.O. Daniel Rella, P.O.

Juan Valdez, Sgt. William Scaima, P.O. Anthony Wuria, P.O. Michael Pelcher, P.O. Ernie

Ketcham, Sgt. Frank Giuliano, Michael Lehrer, Thomas J. Spota, Supervisor of Bradford S.

Magill, Supervisor of Patricia Brosco, Presiding Judge S.C. District Court 6/5/07, Edward Vitale,

Sheriff Vincent DeMarco, Sheriff Alfred Etisch, Warden Ewald, Warden Former 8/04-5/06, C.O.

#1158, C.O. #1257, C.O. #1207, C.O. #1259, C.O. #1094, C.O. #1139, C.O. Violet, C.O. #962,

C.O. "Tom Arnold", C.O. Galotti, Sgt. Fischer, C.O. Cathy Ryan (Peeping Pervert), C.O.

Kenneth Lawler, C.O. #668, C.O. #1274, C.O. William Zikis, C.O. #1324, C.O. #1275, C.O.

Joseph Foti, C.O. Ezekiel, Dep "Brutality\Violators" #1-12, C.O. "John Civil Rights Violators"

#1-200, Suffolk County Probation Department, Senior Supervisor, Senior P.O. Bennedetto,

Probation Officer Soltan, Probation Officer "P.O. Soltan Partner", Front Desk Clerk, West

Babylon Fire Department, Supervisor Mina, EMT McClean, Dr. Jeffrey Margulies, Dr. "I.C.U.",

Rob Gannon, Beth Feeney, Jeanne H. Morena, Southside Hospital, Dr. "Julie Crist's E.R.

Doctor", Dr. "Chief [of] Psychiatry", Editor John Mancini, Managing Editor Deborah Henley,

Managing Editor Debby Krenek, Reporter Bill Mason, Programming Director, Reporter,

Programming Director, Reporter and Director Douglas Shelters.

Plaintiff does not plead factual allegations such that these defendants would have notice

of his claims and be able defend against them.  Moreover, plaintiff does not allege that any of

these defendants were personally involved in any of the alleged wrongdoing.  Because personal

involvement is a prerequisite to a damages award for an alleged constitutional violation,

plaintiff's claims, as plead, are not cognizable as against these defendants.

D.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires."  When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 1998) (citing Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Forman, 371 U.S. at 182.  However, if amendment would be futile, *i.e.*, if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Since plaintiff is proceeding *pro se*, he is granted leave to amend his complaint to replead his 1983 claims in accordance with this order.  Plaintiff shall comply with Federal Rule of Civil Procedure 8 as set forth above at pages eight to ten (8-10) and file any amended complaint in accordance with this order **within thirty (30) days from the date this order is served with notice of entry upon him**, or plaintiff's complaint will be deemed dismissed with prejudice.

## IV.  Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed with leave to amend within thirty (30) days from the date this order is served with notice of entry upon plaintiff.  The Superintendent of the facility in which plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of plaintiff's trust fund account for the six (6) months immediately preceding this order, in accordance with plaintiff's authorization in his *in forma pauperis* application.  The agency holding plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York.  The Warden or Superintendent shall not deduct more than twenty percent (20%) from plaintiff's trust fund account.

The Clerk of the Court is directed to mail a copy of this order, together with plaintiff's authorization, to the Superintendent of the facility in which plaintiff is incarcerated and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at his last known address, see Fed. R. Civ. P. 5(b)(2)(c).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is

denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82

S. Ct. 917, 8 L. Ed.2d 21 (1962).


**SO ORDERED.**

12/14/10

Sandra J. Feuerstein
United States District Judge

Dated: December 14 , 2010
        Central Islip, New York