FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 06 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY J. CEPARANO,

                        Plaintiff,

-against-

THE COUNTY OF SUFFOLK, THOMAS SALADINO
(C.O. #1207), GEORGE PELLETIER (C.O. #1220),
MICHAEL URBAN (C.O. #1158), JAMES TOTTEN
(C.O. #1094), JAMES LEYKIS (C.O. #1153),

                        Defendants.
------------------------------------------------------------X

**ORDER**
10-CV-2030 (SJF)(AKT)

FEUERSTEIN, J.:

On May 4, 2010, incarcerated pro se plaintiff Anthony J. Ceparano ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint exceeded two hundred and fifty (250) pages and named over four hundred (400) defendants. [Docket Entry No. 1]. On December 15, 2010, the Court sua sponte dismissed the action, but granted plaintiff leave to amend the complaint. [Docket Entry No. 12].

Plaintiff subsequently filed an amended complaint (the "Amended Complaint") [Docket Entry No. 15], which was approximately one hundred (100) pages long and largely "fail[ed] to comply" with the Court's December 2010 order. On June 10, 2011, the Court dismissed the Amended Complaint except with respect to Plaintiff's claims of "excessive use of force and/or deprivation of legal property" as against five (5) corrections officers employed at the Suffolk County Correctional Facility. [Docket Entry No. 16].

1

On November 4, 2011, plaintiff filed a "motion to amend/fix" the caption of complaint to add Suffolk County as the "lead defendant" in the case. [Docket Entry No. 37]. Plaintiff argues that pages one (1) through four (4) and pages seventy-two (72) through seventy-four (74) of the Amended Complaint "clearly allege[] Monell liability . . . based on a municipal policy and custom, and a pattern and practice of allowing the use of excessive force . . . . and failure to properly train, supervise, and discipline jail C.O's regarding these violations." Id. at 1-2. Counsel for defendants has opposed the instant motion. [Docket Entry No. 40].

"[L]eave to amend a pleading under the Federal Rules of Civil Procedure shall be freely given when justice so requires." Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1198 (2d Cir. 1989) (internal quotation marks and citations omitted). However, leave to amend "will be denied when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile." Id.

Plaintiff alleges a series of incidents over a number of months in which he alleges that he was subjected to excessive force or had personal property destroyed. Reading the Amended Complaint liberally, and interpreting the allegations to raise the strongest arguments that they suggest, the Court finds that plaintiff has alleged a facially plausible Monell claim against Suffolk County. Therefore, plaintiff's motion to amend his complaint in order to add Suffolk County as a defendant is granted. See Toliver v. City of New York, Nos. 10 Civ. 3165, 10 Civ. 6619, 2011 WL 4964665, at *10 (S.D.N.Y. Oct. 18, 2011); see also Kimbrough v. Town of Dewitt Police Dep't, No. 08 CV 3, 2010 WL 3724121, at *11 (N.D.N.Y. Mar. 8, 2010).

The Clerk of Court is directed to issue a summons, and the United States Marshals Service shall serve the summons, the Amended Complaint, and a copy of this order upon the

County of Suffolk. In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order upon all parties, including mailing a copy of this order to the pro se plaintiff, and shall record such service on the docket.

**SO ORDERED.**

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated:        December 6, 2011
               Central Islip, New York