UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY J. CEPARANO,

                Plaintiff,

      -against-

SUFFOLK COUNTY, NEW YORK,
MICHAEL URBAN, C.O. # 1158,
THOMAS SPALDINO, C.O. # 1207,
JAMES TOTTEN, C.O. # 1094,
C.O. TOM ARNOLD, GEORGE
PELLETIER, C.O. #1220,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

ORDER
10-CV-2030 (SJF)(ATK)

I. INTRODUCTION

Pending before the Court is the motion of *pro se* plaintiff Anthony J. Ceparano ("plaintiff") for reconsideration of this Court's November 18, 2011 Order (the "November 18th Order") denying his application for the appointment of *pro bono* counsel. For the reasons that follow, plaintiff's motion for reconsideration is DENIED.

II. BACKGROUND

On May 5, 2010, then-incarcerated plaintiff filed a *pro se in forma pauperis* civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against four hundred fifteen (415) defendants, one hundred fifty-three (153) of which were named. Plaintiff's complaint exceeded two hundred fifty pages (250) and was comprised of over seven hundred (700) numbered paragraphs purporting to allege a myriad of claims based on conduct alleged to have occurred between 2003 and 2009. Upon careful review, the Court determined that the

complaint was largely a collection of diatribes, opinions, conclusions and speculation devoid of underlying facts. [Docket Entry No. 12]. Accordingly, the Court granted plaintiff's *in forma pauperis* application but *sua sponte* dismissed the complaint in its entirety and with leave to file an amended complaint within thirty (30) days. *Id.* Plaintiff filed an amended complaint that included many of the same defendants and repeated many of the same allegations as plaintiff had set forth in the original complaint. Accordingly, by Order dated June 10, 2011, the Court *sua sponte* dismissed the amended complaint as against all of the defendants with the exception of defendants C.O. Tom Arnold, C.O. #1207, C.O. #1220, C.O. #1158 and C.O. #1094. See [Docket Entry No. 16]. The Court permitted plaintiff to proceed only with his claim that these correction officers violated his rights by excessive force and/or deprivation of legal property while he was incarcerated at the Suffolk County Correctional Facility. *Id.* Plaintiff appealed the order to the Second Circuit and, by Mandate issued on April 5, 2012, the appeal was dismissed. [Docket Entry No. 51].

Plaintiff moved for the appointment of *pro bono* counsel to represent him in this case on November 4, 2011 and simultaneously moved to amend his complaint to include Suffolk County as a defendant. The application for the appointment of *pro bono* counsel was denied without prejudice and with leave to renew when the case is trial ready, and plaintiff's application to amend his complaint was granted. [Docket Entry Nos. 39, 41]. By letter dated January 21, 2013, plaintiff advised the Court that he was released from incarceration on January 14, 2013. Since his discharge from the Suffolk County jail, plaintiff has engaged in discovery, attended court conferences, complied with Court directives and has otherwise diligently prosecuted his case *pro se*.

III.   PLAINTIFF'S MOTION FOR RECONSIDERATION

As noted above, plaintiff now moves for reconsideration of the November 18th Order denying his request for the appointment of *pro bono* counsel. The basis of plaintiff's request for reconsideration is that, since his discharge from incarceration, he "is stretched too thin." See [Docket Entry No. 67] at 2. Plaintiff argues that he does not have time to prepare this case for trial given his personal responsibilities, including tending to his medical needs and those of his parents, reporting to parole, and "rebuilding his life after five years in prison." *Id.*

"The standard governing motions for reconsideration is strict." Bailey v. Farrel, No. 11-CV-1544, 2013 WL 593774, *1 (D. Conn. Feb. 13, 2013) (citation omitted). Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate under Rule 59(e) when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151, (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.").

Likewise, Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Local Civil Rule 6.3 provides that a party moving for reconsideration must "set [] forth concisely the matters or controlling decisions which [the party] believes the court has

3

overlooked." Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp.2d 402, 410 (S.D.N.Y. 2002). However, the decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court. Spencer v. Int'l Shoppes, Inc., No. 06-CV-2637, 2010 WL 2653325, *1 (E.D.N.Y. June 22, 2010)(citing Gross, 2002 WL 32096592, at *4)).

Plaintiff has failed to show that the Court overlooked "matters or controlling decisions" that would have influenced the Court's prior decision or that there are other "exceptional circumstances," such as clear error or manifest injustice that require reconsideration. Therefore, plaintiff's motion for reconsideration is DENIED. Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp.2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y. City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)) ("To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'").

Even if the Court were to find that plaintiff's personal difficulties as described in his motion constitute "exceptional circumstances," the Court, in its discretion, declines to appoint *pro bono* counsel to represent plaintiff at this time. As noted in the November 18th Order, there is no right to counsel in civil cases, and the Court finds that the appointment of *pro bono* counsel is not warranted at this time. Plaintiff has adequately set forth his claims in his amended complaint, is able to engage in discovery and has thus far been able to competently litigate his case *pro se*. The legal issues presented in this case are not particularly complex and there is no special reason why the appointment of counsel would more likely lead to a just determination of

the plaintiff claims. Hodge, 802 F.2d at 61-62. Plaintiff may retain counsel or continue to proceed *pro se*.

IV.  CONCLUSION

For the foregoing reasons, plaintiff's application for reconsideration is DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

/s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: April 17, 2013
Central Islip, New York